**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PLAZA SHOPPING CENTER** | ) | |
| **GENERAL PARTNERSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-25-1555-R** |
| | ) | |
| **MID-CENTURY INSURANCE** | ) | |
| **COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is the Motion to Remand [Doc. No. 9] filed by Plaintiff Plaza Shopping Center General Partnership. Defendant Mid-Century Insurance Company filed a Response [Doc. No. 10] and Plaintiff replied [Doc. No. 11]. The matter is now at issue.

## BACKGROUND

This dispute arises from an allegedly underpaid insurance claim for fire damage sustained by Plaintiff's commercial property [Pet., Doc. No. 1-2, ¶¶ 2-3]. The insurance Policy pursuant to which Plaintiff brings suit was issued by Mid-Century Insurance Company [Doc. No. 1-5 at p. 10]. MCIC is part of a holding company group that uses the registered trademark "Farmers Insurance Group of Companies." Pet. ¶ 4. Defendants Farmers Insurance Exchange, Fire Insurance Exchange, and Truck Insurance Exchange also belong to this group, and all four Defendants are allegedly part of a reciprocal inter-insurance exchange. *Id.* Though MCIC appears to be Plaintiff's direct insurer, Plaintiff asserts all Defendants breached the Policy and the implied covenant of good faith and fair dealing by, along with other conduct, (1) refusing to pay for all covered damage to

Plaintiff's property, (2) knowingly misconstruing and misapplying provisions of the Policy, (3) failing to properly investigate Plaintiff's claim, (4) applying restrictions not included in Plaintiff's Policy, and (5) failing to disclose the unlawful basis of their coverage denial to Plaintiff. *Id.* ¶¶ 14, 16. Plaintiff asserts such behavior is part of a scheme that allows Defendants to increase the profitability of their insurance business via decreased claim benefits paid to insureds like Plaintiff. *Id.* ¶ 15.

According to Plaintiff, the relationship between the Defendants is as follows:

o   The Exchange Defendants own and control MCIC and employ the adjusters who adjust claims for MCIC, *id.* ¶ 5;

o   The Exchange Defendants conduct insurance business through entities like MCIC, Doc. No. 9 at p. 9;

o   Farmers Insurance Exchange provides MCIC with services such as policy and premium administration, agents and commissions, claims adjustment services, accounting and financial reporting services, investment management services, and other administrative services, *id.*;

o   The Defendants "pool their business among other insureds and exchange insurance policies within the Farmers Group of Companies in accordance with the percentages contained within a pooling agreement and/or management agreement," Pet. ¶ 4;

o   Defendants share all premiums, expenses, and losses, and share in risk by being responsible for the payment of claims, including Plaintiff's, *id.*;

o   The Policy documents include ample "Farmers Insurance" branding, Doc. No. 9 at p. 8; and

o   The Exchange Defendants are responsible for paying Plaintiff's claim, *id.* at p. 9.[1]

---

[1] In support of these allegations, Plaintiff references its Policy, Doc. No. 1-5, a Report of Examination of the Mid-Century Insurance Company [Doc. No. 9-1] conducted in accordance with the National Association of Insurance Commissioners *Financial Condition Examiners Handbook*, and several webpages from the Exchange Defendants'

Plaintiff claims all four Defendants are liable for its losses, including its underpaid claim and other damages. Pet. ¶¶ 4, 21-22. Defendant MCIC removed the action to federal court [Doc. No. 1], arguing that in order to thwart diversity jurisdiction and keep the case in state court, Plaintiff fraudulently joined the Exchange Defendants, who, like Plaintiff, are considered citizens of Oklahoma. Plaintiff now moves to remand the case to state court, while MCIC asserts remand is unwarranted because Plaintiff's claims against the Exchange Defendants have no possibility of success.

## LEGAL STANDARD

The standard for establishing that a defendant has been fraudulently joined is a difficult one. "'[T]he removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This standard "is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)" and requires all factual disputes and all ambiguities in the controlling law to be resolved in the plaintiff's favor. *Montano v. Allstate Indem.*, 2000 WL

---

websites [Doc. Nos. 9-2, 9-3, 9-4]: *Farmers Insurance Exchange 2025 Update*, FARMERS INS., https://www.farmers.com/companies/exchange-update/, *Fire Insurance Exchange 2025 Update*, FARMERS INS., https://www.farmers.com/companies/fire-exchange-update/, and *Truck Insurance Exchange 2025 Update*, FARMERS INS., https://www.farmers.com/companies/truck-exchange-update/. Though some of these sources and factual allegations are first referenced in Plaintiff's Motion to Remand, the Court may properly look beyond the pleadings to determine if joinder of the Exchange Defendants is fraudulent.

525592, at *1-2 (10th Cir. 2000) (unpublished);[2] *see also Dutcher*, 733 F.3d at 988. "[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

The first prong—actual fraud in the pleading of jurisdictional facts—"basically requires a showing that plaintiff lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). The second prong requires showing "that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano*, 2000 WL 525592, at *2 (quotation omitted) (alterations in original).

Although the fraudulent joinder standard presents a "high hurdle," *Dutcher*, 733 F.3d at 989, it is not an insurmountable one. Where a defendant's "non-liability is . . . established as both a matter of fact and law," the defendant's joinder is fraudulent and remand is appropriately refused. *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). Further, "it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (citations omitted). But courts must be careful not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.*

---

[2] Unpublished decisions are cited for their persuasive value. *See* FED. R. APP. P. 32.1.

## DISCUSSION

MCIC argues Plaintiff cannot establish a cause of action against the non-diverse Exchange Defendants because its claims against them are barred by OKLA. STAT. tit. 12, § 682(B), which states:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. *This provision includes, but is not limited to, claims based on vicarious liability and alter ego.*

(emphasis added). The Exchange Defendants are shareholders of MCIC [Doc. No. 10-1]. MCIC contends the claims against the Exchange Defendants are pure attempts to pierce the corporate veil to hold them liable for Plaintiff's allegedly underpaid insurance claim. Section 682(B) applies to corporate veil-piercing claims: "[I]n Oklahoma a court can only pierce the corporate veil of a corporation against which Plaintiff has an unsatisfied judgment." *White Oak Glob. Advisors LLC v. Weder*, No. CIV-17-0756-J, 2020 WL 13169686, at *2 (W.D. Okla. Apr. 10, 2020).

The parties appear to agree that, if this is indeed a pure veil-piercing case, § 682(B) *may* preclude Plaintiff's claims against the Exchange Defendants until and if judgment against MCIC is returned unsatisfied.[3] But § 682(B) includes a carve-out:

---

[3] Plaintiff contends that, even if this were a pure veil piercing case, § 682(B) would not apply because in Oklahoma, the law of the state of incorporation applies to veil piercing claims. *Canal Ins. Co. v. Montello, Inc.*, 822 F. Supp. 2d 1177, 1183-84 (N.D. Okla. 2011). MCIC is incorporated in California, and Plaintiff asserts California law does not have a similar "returned judgment" rule as a prerequisite to bringing claims against shareholders for the debt or liability of a corporation. Doc. No. 9 at pp. 11-12 (citing *Kao v. Joy Holiday*, 272 Cal. Rptr. 3d 321, 326 (Ca. Ct. App. 2020)). MCIC does not address this argument in

> [N]othing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation, not within the scope of their role as an officer, director or shareholder, arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

Thus, if Plaintiff asserts claims against the Exchange Defendants for their *direct liability*, § 682(B) will not bar such claims.

MCIC asserts Plaintiff has failed to make direct claims against the Exchange Defendants because it has improperly lumped all Defendants together and made collective and conclusory allegations against them. "Under § 682(B), 'a plaintiff has not asserted an individual claim against a shareholder, officer, or director where the claims against the shareholder, officer, or director mirror those against the company; the complaint asserts the company is an alter-ego of the shareholder, officer, or director; and the complaint does not allege different conduct as between the company and the shareholder, officer or director.'" *Okla. Digit. Abstract, LLC v. Imersion Glob. Inc.*, No. 18-CV-398-TCK-JFH, 2019 WL 6329342, at * 4 (N.D. Okla. Nov. 26, 2019) (quoting *Hetronic Int'l, Inc. v. Hetronic Ger. GmbH*, No. CIV-14-650-C, 2015 WL 6835428, at *3 (W.D. Okla. Nov. 6, 2015)) (dismissing plaintiff's claims against company's alleged alter ego as premature because they mirrored those against the company and judgment had not been obtained or returned unsatisfied).

---

its Response, nor does Plaintiff devote much of its briefing to this point. Because the Court finds Plaintiff asserts claims for direct liability against the Exchange Defendants, the Court will not address this argument further.

6

Asserting "all factual claims against 'Defendants' generically" is not necessarily fatal to Plaintiff's Motion to Remand. *Mayes Cnty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, No. 19-CV-687-JED-FHM, 2020 WL 6136236, at *4 (N.D. Okla. Oct. 19, 2020). In *Mayes*, the plaintiff's direct insurer made a similar argument regarding the plaintiff's "generic" allegations against members of an insurance operation, but the Court stated that

> [i]n doing so, [] [defendant] seems to be laboring under the misconception that, on a motion to remand, a plaintiff's petition is subject to the pleading standard used to decide a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1132 (D.N.M. 2017) (rejecting defendant's argument that the federal dismissal standard applies); *Estes v. Airco Serv., Inc.*, No. 11-CV-776, 2012 WL 1899839, at *2 n.1 (N.D. Okla. May 24, 2012) (same) . . . . This is not the case, and for good reason.

> The question presented by an allegation of fraudulent joinder is not whether a pleading would survive dismissal in federal court; it is whether the plaintiff can establish a cause of action in state court. *See Dutcher*, 733 F.3d at 988. . . . Since fraudulent joinder is established by the facts, it is irrelevant whether the plaintiff has adequately alleged his claims according to the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> . . . In Oklahoma courts, a petition must not be dismissed for failure to state a claim "unless the allegations show beyond any doubt that the litigant can prove no set of facts that would entitle him to relief." *Ind. Nat'l Bank v. State Dep't of Hum. Servs.*, 880 P.2d 371, 375-76 (Okla. 1994). . . . [E]ven if the *Twombly*/*Iqbal* standard applied, fairness would dictate that the Court [] grant [Plaintiff] leave to amend before deciding whether to remand or not. This would introduce an unnecessary and wasteful step into the remand inquiry, where the Court's task is to determine whether the action can even be heard in the federal forum. The better practice is to move straight to the question of whether, given the undisputed evidence, the plaintiff could establish a cause of action in state court. *See Archuleta v. Taos Living Ctr., LLC*, 791 F. Supp. 2d 1066, 1075-76 (D.N.M. 2011) (reasoning that the question is not whether the plaint[iff] *has* stated a claim but whether the plaintiff, with amendment, *could* state a possibly viable claim).

*Id.* at \*4-5 (citations altered and omitted) (finding petition sufficiently raised an alter-ego theory of liability). Thus, even if Plaintiff's allegations are improperly collective, the Court must ask whether Plaintiff *could* establish claims for direct liability against the Exchange Defendants.

MCIC asserts that because the Exchange Defendants are not Plaintiff's direct insurers, they owe Plaintiff no duties in contract or tort and thus cannot be directly liable for breaches of such duties. Generally, the "duty of dealing fairly and in good faith with the insured arises from the contractual relationship. In the absence of a contractual or statutory relationship, there is no duty which can be breached." *Allstate Ins. Co. v. Amick*, 680 P.2d 362, 364-65 (Okla. 1984) (insurer had no good faith duty toward strangers to an insurance contract).

However, where a "third party stranger to [an] insurance contract acts so like an insurer that the third party develops a special relationship with the insured, and that third party possesses power, motive, and opportunity to act unscrupulously," that stranger may be subject to the duty of good faith. *Hensley v. State Farm Fire & Cas. Co.*, 398 P.3d 11, 18 (Okla. 2017); *see also Wathor v. Mut. Assurance Adm'rs, Inc.*, 87 P.3d 559, 562 (Okla. 2004) (citing *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 902-04 (Okla. 1977)) ("The special relationship creates a nondelegable duty of good faith and fair dealing on the part of the insurer. [] An insurer's breach of this duty gives rise to a separate cause of action sounding in tort."). *See, e.g.*, *Campbell v. Am. Int'l Grp., Inc.*, 976 P.2d 1102, 1109 (Okla. Civ. App. 1999) (discussing *Wolf v. Prudential Ins. Co.*, 50 F.3d 793 (10th Cir. 1995)) (direct insurer's parent company could be subject to duty of good faith where it handled

8

portions of the insured's claim and provided "high level support" in claim management by "assisting, supervising and auditing in-country claim offices"); *Wolf*, 50 F.3d at 797-98 (though it was not the "true insurer," an insurance plan administrator had power, motive, and opportunity to act unscrupulously and thus could be subject to the duty of good faith because it was in a "special relationship" with the insured—that is, it was contractually obligated to administer insurance plans and its benefit determinations could affect its profits and losses); *Lavoy v. United Servs. Auto. Ass'n*, No. CIV-14-1379-M, 2015 WL 1812804, at *2 (W.D. Okla. Apr. 17, 2015) (§ 682(B) did not bar plaintiff's good faith claim against his insured's parent company where he asserted the parent company failed to properly investigate his insurance claim and maintained a practice pursuant to which his direct insurer breached its obligations); *Edwards v. USAA Cas. Ins. Co.*, No. CIV-24-193-D, 2024 WL 4471958, at *2-3 (W.D. Okla. Oct. 11, 2024) (remanding case because plaintiffs' allegations that (1) parent company controlled and was part of reciprocal insurance exchange with direct insurer, (2) parent company assumed responsibility to determine and pay claims, (3) plaintiff's policies were administered by both defendants, and more, were "minimally sufficient to show a possibility of recovery" against parent company); *Wallace v. Golden Rule Ins. Co.*, No. CIV-22-00878-PRW, 2023 WL 6380016, at *5-6 (W.D. Okla. Sep. 29, 2023) (denying dismissal of bad faith claim against non-direct insurer because plaintiff alleged special relationship where the non-direct insurer was involved in insured's benefits determination, was affiliated with the direct insurer, and bore some financial risk of loss for claims).

Plaintiff asserts the Exchange Defendants share in the premiums generated by policies such as Plaintiff's, share in financial risk by being responsible for paying claims such as Plaintiff's, and are part of an inter-insurance exchange with MCIC. Moreover, Plaintiff claims the Exchange Defendants support a pattern and practice of wrongful claim denials and engage in the allegedly unlawful claims-handling practices with respect to claims such as Plaintiff's. These allegations give rise to the possibility that the Exchange Defendants had a special relationship with Plaintiff such that they are subject to the duty of good faith.[4]

Though many of its allegations are collectively made, it is possible Plaintiff has a claim for direct liability against the Exchange Defendants based on a "special relationship" between itself and the Exchange Defendants.[5] "[B]ecause Plaintiff's bad faith claim

---

[4] The Oklahoma Supreme Court has found a trial court did not err by denying Farmers Insurance Exchange's motion for a directed verdict on the issue of whether it had a duty of good faith toward an insured whose policy was issued by MCIC. *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1101 (Okla. 2005). The evidence (indicating Farmers Insurance Exchange was affiliated with MCIC, handled and adjusted the at-issue insurance claim, and acted as one entity with MCIC regarding the at-issue policy) was sufficient to show Farmers Insurance Exchange "acted sufficiently like an insurer so that a special relationship could be said to exist between it and insured in relation to" the at-issue claim. *Id.*

[5] MCIC argues the Court should not consider Plaintiff's "special relationship" theory because it is nowhere to be found in Plaintiff's pleading, which does not explicitly mention the words "special relationship." "The general rule when evaluating a motion to remand is that the court looks to the plaintiff's complaint as it is stated at the time of removal." *Followers of Christ Church v. Bhd. Mut. Ins. Co.*, No. CIV-11-1493-F, 2012 WL 12861116, at *2 (W.D. Okla. Jan. 30, 2012) (citation omitted).

The Court finds the Petition fairly encompasses a special relationship theory of liability. In Oklahoma, "[a]ll that is required . . . is that the petition give fair notice of the plaintiff's claim and the grounds upon which it rests. . . . Any requirement that a litigant correctly

10

supplies factual allegations of [the Exchange Defendants'] direct participation, the Court need not decide the applicability of § 682(B) and finds Plaintiff's claim viable under Oklahoma law." *Diane D. Murphree Revocable Tr. v. United Servs. Auto. Ass'n*, No. CIV-22-770-J, 2022 WL 22869654, at *2 (W.D. Okla. Dec. 14, 2022) (collecting cases).

The Court cannot find Plaintiff has *no* possibility of recovery against the Exchange Defendants for its bad faith claims. Because "there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant,"[6] the Court finds MCIC has not met the heavy burden of establishing fraudulent joinder.

An order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is within the court's discretion. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004). Plaintiff argues it should be awarded fees because

---

identify a theory of recovery . . . is abolished." *Gens v. Casady Sch.*, 177 P.3d 565, 569 (Okla. 2008). And even if the Petition was insufficient to raise the special relationship theory, courts in this district have found plaintiffs are not precluded from supplying additional facts to support alternative legal theories in support of a motion to remand. *See Lowe*, 2019 WL 3245521, at *3 (finding it proper for plaintiff to supply additional facts and legal theories in her motion for remand, including the theory that her insurer's parent company was directly liable for its own conduct); *Jackson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1195, 1201 (W.D. Okla. 2022) (citing *Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 F. App'x 911, 914 (10th Cir. 2006)) (unpublished) (properly considering additional allegations in plaintiffs' briefings on a motion to remand that were consistent with their pleading). Thus, the Court properly considers Plaintiff's special relationship theory.

[6] Because the Court finds Plaintiff has at least a possibility of recovery against the Exchange Defendants pursuant to its good faith claims, it declines to address arguments related to Plaintiff's breach of contract and other claims/theories of liability.

11

of MCIC's improper removal. The Court exercises its discretion not to award Plaintiff its costs and fees and finds remanding the case is a sufficient remedy.

MCIC requests jurisdictional discovery to ascertain the evidence Plaintiff may have relied on in its Motion to Remand. Specifically, MCIC wishes to engage in limited discovery to discover the bases for Plaintiff's claims that the Exchange Defendants underwrote its policy, adjusted the claim, and controlled its indemnity payment. However, the Court finds the existing record is sufficient to decide the issue of fraudulent joinder. Moreover, relevant case law indicates Plaintiff's allegations are viable under Oklahoma law. MCIC's request for jurisdictional discovery is therefore DENIED.

Accordingly, Plaintiff's Motion to Remand [Doc. No. 9] is GRANTED and this action is REMANDED back to the District of Oklahoma County.

IT IS SO ORDERED this 9th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

12